UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kris Alan Hahn,

Civil No. 12-2154 (JRT/JJG)

Petitioner,

v.

REPORT AND RECOMMENDATION

State of Minnesota,

Respondent.

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Kris Alan Hahn's Petition for Writ of Habeas Corpus (ECF No. 1). The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied and the case be dismissed without prejudice.

I.  BACKGROUND

Petitioner Kris Alan Hahn is incarcerated at the Federal Correctional Institution Petersburg-Medium, in Petersburg, Virginia. He is currently serving a 210-month sentence for production of child pornography in violation of 18 U.S.C. § 2251(a), (e).

On September 4, 2007, the State of Minnesota charged Hahn with Criminal Sexual Conduct in the First Degree (Felony) in violation of Minn. Stat. § 609.342, subd. 1(a) (2004). *State v. Hahn,* 799 N.W. 2d 25, 28 (Minn. Ct. App. 2011). That case was deferred until the federal charges against Hahn were resolved. *Id.* at 29. Hahn pleaded guilty to federal charges and was sentenced to 210 months in prison on January 23, 2009. *Id.* In the state case, which gave rise

to this petition, a jury found Hahn guilty and on February 8, 2010, he was sentenced to 100 months in prison, to run consecutive to the federal sentence. *Id.*

Hahn appealed his conviction and sentence to the Minnesota Court of Appeals, arguing the following deficiencies in his trial and sentencing: (1) denial of the right to a speedy trial, (2) reversible error of introducing sexually explicit images of the victim, (3) sentencing error imposing consecutive sentences, and (4) improper failure to exclude victim's testimony under the principle of judicial estoppel. *Id.* at 28.

On May 31, 2011, the Minnesota Court of Appeals affirmed in part and reversed in part. *Id.* The court rejected most of Hahn's arguments, but found that the district court improperly imposed consecutive sentences when concurrent sentences should have been presumed. *Id.* at 38. The court, therefore, remanded for resentencing. *Id.*

On August 25, 2011, the Minnesota Supreme Court denied review of the court of appeals' decision. Hahn has not yet been resentenced. On August 31, 2012, Hahn filed the instant petition. Hahn raised the same issues in his habeas petition that he raised in his direct appeal, with the exception of the sentencing issue.

## II. DISCUSSION

Hahn filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Federal courts can entertain petitions brought by "a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a).

Hahn is not "a person in custody pursuant to the judgment of a State court." In *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam), the court held that a criminal judgment was not final until both the "conviction *and* sentence became final by the conclusion of direct review . . . ." *Id.* at 156-57 (emphasis in original) (internal quotations omitted). The Court emphasized that

"[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* at 156. Here, Hahn's direct appeal regarding his sentence remains pending. The state court judgment underlying his petition is, therefore, not yet final.

Petitioners are required to "exhaust[] the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254 (b)(1)(A). Hahn has exhausted his direct state court review of the questions he presents in his habeas petition. However, the sentencing issue included in his direct appeal remains pending in the state appellate system. Since there is currently no state sentence, Hahn's state judgment has not become final, and thus his petition is not yet ripe. *See Maharaj v. Sec'y, Dept. of Corr.*, 304 F.3d 1345, 1349 (11th Cir. 2002) (holding that an inmate's habeas petition filed before resentencing is not ripe for review) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

The proper course is dismissal of Hahn's petition without prejudice to his right to re-file upon exhaustion of his state court remedies. *See Feeney v. Auger*, 808 F.2d 1279, 1283 (8th Cir. 1986) (dismissal without prejudice is the appropriate procedural course for failure to exhaust state court remedies in habeas action). Importantly, Hahn does not run the risk of losing his right to petition for habeas relief due to the statute of limitations because the statute of limitations is triggered by the date judgment becomes final. The judgment consists of both the conviction and the sentence. *Burton*, 549 U.S. at 157; *see also Ferreira v. Sec'y, Dept. of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (holding that AEDPA's statute of limitations does not begin to run until the date the conviction and sentence become final). Once Hahn has been resentenced and exhausts any direct appeals of the resentencing, he may re-file a federal habeas petition.

### III. RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Kris Alan Hahn's Petition for a Writ of Habeas Corpus (ECF No. 1) be **DENIED**;

2. This case be **DISMISSED WITHOUT PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: August 16, 2013

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 6, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.